# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

ALICIA GONZALES,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:18-0235

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On January 31, 2018, Plaintiff Alicia Gonzales filed a complaint against Defendant Marshall University Board of Governors for allegedly violating 20 U.S.C. § 1681, *et. seq.*, also known as Title IX.[1] On March 14, 2019, Plaintiff filed a Motion to Determine Reasonable Expert Fee, which is now pending before this Court. ECF No. 50. For the reasons below, the Court denies Plaintiff's motion.

**I. Facts**

As a result of this lawsuit, both Plaintiff and Defendant have retained expert witnesses to offer their opinions on Defendant's handling of the disciplinary process. *See* ECF No. 50, at 1. Relevant to this motion is Defendant's expert Brett Sokolow, who Plaintiff has scheduled a deposition for. *See id.* Mr. Sokolow is an attorney, and currently resides in Los Angeles, California, but is licensed to practice law in Pennsylvania and New Jersey. *See id.* at 4; ECF No. 53, at 2. Mr. Sokolow is also the President and CEO of the National Center for Higher Education Risk

---

[1] Plaintiff alleges that she was raped by a fellow student while in her dorm room at Marshall University, and that Defendant violated Title IX based on its actions and inactions during the investigation and adjudication of the disciplinary process that resulted from the rape. *See* ECF No. 50, at 1.

Management, the President of the Association of Title IX Administrators, and is the founder and Board Chair of the Advisory Board for the National Behavioral Intervention Team Association. *See* ECF No. 53, at 4.

Defendant has advised Plaintiff that Mr. Sokolow will charge Plaintiff $700.00 per hour for his time,[2] and will only be deposed in Los Angeles, California. *See* ECF No. 50, at 2. Plaintiff finds this price unreasonable, and in violation of Rule 26 of the Federal Rules of Civil Procedure ("FRCP"). Thus, she has filed the above referenced motion, and requests this Court to enter an order limiting Mr. Sokolow's fees to $275.00 per hour for his deposition. ECF No. 54, at 5.

## II. Applicable Law

Rule 26 of the FRCP states that, unless manifest injustice would result, a court must require a party seeking to depose an expert to pay the expert a "reasonable" fee. *See* FRCP 26(b)(4)(E)(i). To determine whether a fee is "reasonable," courts consider the following factors:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*First S. Bank v. Fifth Third Bank, N.A.*, 2014 WL 3868000, at *4 (D.S.C. Aug. 6, 2014), *aff'd sub nom.* 631 F. App'x 121 (4th Cir. 2015) (internal quotations omitted).

Additionally, a guiding principle is that "the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert." *Id.* (internal quotations omitted). Finally, the party seeking reimbursement of its expert witness' fee "has the burden of

---

[2] Mr. Sokolow claims this hourly rate is a departure from his usual flat fee of $10,000.00 per day. *See* ECF No. 50, at 2.

demonstrating to the court that the expert's rate and fee are reasonable." *Fint v. Brayman Constr. Corp.*, 2019 WL 124835, at *3 (S.D.W. Va. Jan. 7, 2019) (internal quotations omitted).

**III. Analysis**

Based on the factors above, the Court holds that Mr. Sokolow's fee of $700.00 per hour is reasonable. First, Mr. Sokolow is an attorney, President of both the National Center for Higher Education Risk Management and the Association of Title IX Administrators, and is the founder and Board Chair of the Advisory Board for the National Behavioral Intervention Team Association. Thus, Mr. Sokolow clearly has expertise relevant to this Title IX lawsuit, and the education and professional history that renders him a valuable expert is substantial. Additionally, Mr. Sokolow resides in Los Angeles, California, where the cost of living is near the highest in the United States.[3] Finally, Defendant submits to this Court that Mr. Sokolow is also charging it $700.00 per hour for his services, and that Mr. Sokolow has charged $700.00 per hour in various related matters. *See* ECF No. 53, at 2.

Thus, only two factors can weigh in Plaintiff's favor: first, the prevailing rates for other comparably respected available experts, and second, the nature, quality and complexity of the discovery responses provided. Regarding the first factor, Plaintiff asserts that her own expert, Ms. Bullard, charges $275.00 per hour, is also a licensed attorney, owns and operates a consulting company that specializes in providing institutions guidance on Title IX compliance, was formerly counsel for a university, frequently speaks and presents on Title IX, and has served as an expert in litigation. *See* ECF No. 50, at 5–6. However, while Ms. Bullard certainly appears to be a comparably respected expert, her low rate is not dispositive of this factor, and there are other considerations this Court must consider.

---

[3] *See* Shelbi Austin, *10 Places with the Highest Cost of Living*, U.S. News & World Report (May 13, 2016, 3:44 PM), https://realestate.usnews.com/real-estate/articles/10-places-with-the-highest-cost-of-living.

For example, as Defendant asserts, Ms. Bullard resides in Chattanooga, Tennessee, not Los Angeles, California, and thus her costs are naturally going to be lower than Mr. Sokolow's.[4] *See* ECF No. 53, at 4. Additionally, according to Defendant, Ms. Bullard has only testified in one other case, where as Mr. Sokolow has testified in over ten other civil actions. *See* ECF No. 53, at 4. Finally, Defendant has identified an additional Title IX expert, Daniel Swinton with the National Center for Higher Education Risk Management group, who charges $650.00 per hour—very similar to Mr. Sokolow's rate. Thus, while there is evidence that the rates for other respected experts do not reach the $700.00 hourly fee that Mr. Sokolow charges, there is also evidence that comparable experts in Mr. Sokolow's position charge a similar fee.

Regarding the second factor, which asks this Court to consider the nature, quality and complexity of the discovery responses provided, the Court finds that this factor weighs in Plaintiff's favor. As Plaintiff has asserted, and Defendant does not dispute, the "discovery responses are neither voluminous nor show that this is an unusually complex Title IX matter." ECF No. 50, at 5. However, this is merely one factor out of the seven the Court analyzed which weighs in Plaintiff's favor.

While this Court is sensitive to the fact that an expert's fee should not be "so high as to impair a party's access to necessary discovery or result in a windfall to the expert," the Court does not find that Mr. Sokolow's fee raises these issues. Numerous cases have held that an expert's fee near $700.00 per hour is reasonable, and thus does not impair a party's access to necessary discovery or result in a windfall to the expert.[5] *See*, *e.g.*, *Grady v. Jefferson County Bd. of County*

---

[4] Plaintiff argues that Mr. Sokolow's residence in Los Angeles is irrelevant because of where this litigation is taking place, but the Court disagrees. Mr. Sokolow's resides in Los Angeles, and thus his cost of living is relatively high. Regardless of where he is licensed, where this litigation is taking place, or where he may also work, his fees will necessarily reflect the cost of living in the state he resides.

[5] The Court finds it significant that Plaintiff cited no cases from the last *fourteen* years to support her position that an expert's hourly fee of $700.00 is unreasonable. *See* ECF No. 50, at 3–5.

*Com's*, 249 F.R.D. 657, 662 (D. Colo. 2008) (holding that, in *2008*, an expert's fee of $600 per hour is reasonable) (emphasis added); *Maxwell v. Stryker Corp.*, 2012 WL 2319092 (D. Colo. June 19, 2012) at *3 (holding that a fee of $750 per hour is reasonable). Therefore, for the above reasons, the Court finds that Mr. Sokolow's fee of $700.00 per hour is reasonable.

**IV. Conclusion**

Based upon the analysis provided above, the Court **DENIES** Plaintiff's Motion to Determine Reasonable Expert Fee (ECF No. 50) and **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 2, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE