IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ALICIA GONZALES,

        **Plaintiff,**

v.                                               Case No.: 3:18-cv-00235

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,

        **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO COMPEL AN
<u>INDEPENDENT PSYCHOLOGICAL EXAMINATION</u>**

Pending is Defendant's Motion to Compel an Independent Psychological Examination. (ECF No. 55). Plaintiff has filed a Response in Opposition to the Motion, (ECF No. 64), and Defendant has filed a reply memorandum. (ECF No. 72). Plaintiff argues that the motion should be denied, because it is untimely and is not supported by good cause. Having considered the record and the arguments of counsel, the undersigned agrees that the motion is untimely. Furthermore, Defendant has failed to demonstrate reasonable diligence that would justify its delay in pursuing the independent psychological examination. Therefore, the motion is **DENIED**.

Fed. R. Civ. P. 35 allows the court where an action is pending to order a party "whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The order may only issue on a motion for good cause and on adequate notice to all parties. While Rule 35 is included in

1

the section of the civil rules pertaining to disclosures and discovery, the Rule itself does not include any guidance as to when in the discovery process an examination must be completed, or an examiner's report produced.

Federal courts have not agreed on whether Rule 26 and Rule 35 are intended to be read independently or in conjunction with each other. *See Manni v. City of San Diego*, Case No. 11-cv-0435-W (DHB), 2012 WL 6025783, at *3 (S.D. Cal. Dec. 4, 2012) (collecting cases). If read together, reports issued under Rule 35 are subject to Rule 26(a)(2)'s disclosure requirements. This position has been taken on more than one occasion by courts in this district; most recently, in *Stratford v. Brown*, No. 2:17-CV-03963, 2018 WL 4623656, at *3 (S.D.W. Va. Sept. 26, 2018) ("As a preliminary matter, the Court is persuaded that Rules 26 and 35 act in tandem when determining whether to permit a Rule 35 examination requiring subsequent disclosure of the related report."); *see also Zumstein v. Boston Scientific Corp,* No. 2:13-cv-02344, 2014 WL 7236406, at *3 (S.D.W. Va. Dec. 17, 2014); *Shumaker v. West,* 196 F.R.D. 454, 456 (S.D.W. Va. 2000). However, even when courts have found a clear distinction between Rule 26 and Rule 35, such that "a Rule 35 exam does not necessarily have to be requested prior to expiration of the expert disclosure and discovery deadline ... the distinction evaporates when the moving party attempts to use the Rule 35 examiner and Rule 35 report in the place of a Rule 26(a)(2) expert and expert report." *Perez v. Viens,* Case No. 4:09-cv-3206, 2011 WL 855673, at *3 (D. Neb. Mar. 8, 2011) (citations omitted); *Gibson v. Jensen*, No. 8:16CV296, 2017 WL 2982952, at *2–3 (D. Neb. July 12, 2017) ("[W]hen a Rule 35 examination is used to supplement or inform an expert's opinions for use at trial, the difference between the reports disappears, or begins to, and the court becomes more reluctant to allow a Rule 35 examination for the purpose of bolstering an expert's opinions

out of time."). In other words, when the independent medical examination is performed for the purpose of providing, developing, or supplementing expert opinions, then courts tend to agree that the witness and report are subject to the Rule 26(a)(2) deadlines.

In this case, a scheduling order was entered on April 18, 2018, which allowed Defendant through and including December 3, 2018 in which to make expert disclosures under Fed. R. Civ. P. 26(a)(2)(A). (ECF No. 10). The parties were given until December 14, 2018 to complete discovery requests, and until February 1, 2019 to conduct depositions. February 1, 2019 was also the discovery deadline. (*Id.*). The scheduling order was modified, in part, on December 26, 2018, extending the deadline for conducting depositions to April 15, 2019. (ECF No. 37). Notably, the deadlines for submitting expert disclosures and for serving discovery requests were **not** extended at that time.

On December 3, 2018, Defendant filed a Rule 26(a)(2)(A) disclosure, identifying David Clayman, a psychologist, as an expert witness on the subject of Plaintiff's emotional health. (ECF No. 26). The disclosure included a report prepared by Dr. Clayman on November 29, 2018. (ECF No. 64-1). In the report, Dr. Clayman advised that he required additional materials to complete his opinions. He also requested the opportunity to conduct an independent psychological examination. (*Id.* at 2).

On December 18, 2018, Defendant's counsel requested Plaintiff's agreement to participate in an independent psychological examination. (ECF No. 55-2). Plaintiff's counsel refused the following day, but indicated that she might reconsider if provided with additional information. (ECF No. 55-3). Apparently, defense counsel made no further efforts to communicate with Plaintiff's counsel regarding the proposed examination; instead, more than three months later, Defendant filed the instant motion seeking an order to compel the examination. (ECF No. 64 at 2).

It is undisputed that Defendant's motion comes well past the deadlines for filing expert reports and for serving discovery requests, both of which expired in December 2018. Indeed, the motion was filed only twenty days before the close of all discovery and right on the heels of the deadline for filing dispositive motions. Moreover, Defendant provides absolutely no explanation for its delay in pursuing an independent psychological examination despite its expert's written request for one, which was made nearly four months before the motion was filed.

In order to grant Defendant's motion, deadlines in the scheduling order that have already passed, or that will pass in a matter of days, will have to be extended. To justify the extension of a past deadline, Defendant must show "excusable neglect" and, to extend a future deadline, Defendant must demonstrate "good cause." *Stratford,* 2018 WL 4623656, at *3 (holding that Rule 16(b) requires good cause to amend a scheduling order; "[a]dditonally, when a motion to modify a deadline is filed after the deadline's passage, the party also must establish "excusable neglect."). "To establish good cause, [Defendant] must show the deadlines cannot reasonably be met despite the [Defendant's] diligence; good cause is lacking if the movant has not acted diligently to comply with the schedule." *Jackson v. United States*, No. 3:14-15086, 2016 WL 502056, at *2 (S.D.W. Va. Feb. 8, 2016) (citing *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012)). Excusable neglect is more difficult to establish, depending upon a review of all relevant factors, with "the reason for the delay, including whether it was within the reasonable control of the movant" carrying the most significance. *Stratford,* 2018 WL 4623656, at *2 (quoting *Thompson v. E.I. DuPont Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996)).

When conducting the requisite analysis, the undersigned finds that Defendant fails to demonstrate either excusable neglect or good cause. First, as stated, Defendant

supplies no rationale whatsoever for allowing the matter to sit, gathering dust, for more than three months. Plaintiff's counsel invited a discussion on the subject, but for reasons again unknown, defendant's counsel simply let the conversation lapse.

On December 20, 2018, one day after Plaintiff's refusal to submit to an independent examination, Defendant moved to modify the scheduling order and continue the trial date, but **did not** raise the issue of an independent medical examination or seek an extension of the expert disclosure or discovery request deadlines. (ECF No. 34). Instead, Defendant asked only that the deposition deadline be extended, which consequently forced a continuance of the deadlines for dispositive motions, settlement and pretrial conferences, the pretrial order, and the trial date. (ECF Nos. 34, 37). Defendant's motion was granted, extending the deposition deadline and moving back the remaining dates, including the trial date, by approximately two and half months. Had Defendant brought the issue of the examination to the Court's attention at that time, the dispute could have been resolved and the time frames for the independent examination incorporated into the amended scheduling order.

In addition, by disregarding, or overlooking, the examination for an additional three months, Defendant lost good opportunities to have the examination conducted at times that would have been most convenient for Plaintiff, who is a fulltime student at a college in Pennsylvania. If Defendant had resolved the dispute in mid-December, the examination might have taken place during Plaintiff's Winter or Spring break. However, Defendant's inexplicable delay now leaves Plaintiff in the position of having to leave school while classes are ongoing, a few weeks before final examinations, to submit to a lengthy psychological examination that should have been performed months ago. The only other alternative is to wait until mid-May when Plaintiff is no longer in school, which

5

would further delay the resolution of this case.

Finally, the discovery sought by Defendant, as Plaintiff points out, is likely to lead to additional discovery. *Stratford,* 2018 WL 4623656, at *3 (noting that "there is a ripple effect necessarily caused by a Rule 35 examination ordered after Rule 26 disclosure deadlines."). At the very least, Plaintiff will want an opportunity to respond to or refute the outcome of the examination, which may result in further extensions of pretrial deadlines. Taking into account all of the circumstances, the Court concludes that Defendant has not been diligent in pursuing an independent medical examination and thus has failed to provide reasonable grounds to accommodate such a request at this late date.

Defendant relies upon *Zumstein,* 2014 WL 7236406, in support of its motion. *Zumstein* is readily distinguishable from the instant matter. In *Zumstein,* a multidistrict litigation in which counsel were developing waves of 100 cases at a time, defense counsel waited approximately one month after being notified by Plaintiffs' counsel that all of the plaintiffs were being examined before asking for an independent medical examination of one of the plaintiffs. When Plaintiff objected that the defense examination would not take place before Defendant's expert report was due, defense counsel argued that they were unable to determine the need for defense examinations until Plaintiffs' expert reports were produced. Upon receiving the reports and identifying the one plaintiff that should be examined, defense counsel diligently began scheduling the examination. However, the earliest date that could be secured for the examination was one month after Defendant's expert reports were due. Defense counsel argued that even with this delay, which would result in a supplementation of the defense expert's report, the report still would be available reasonably in advance of the scheduled deposition of Defendant's examining

expert.

Clearly, the circumstances in *Zumstein* were much different than those in this case. Counsel in *Zumstein* provided a reasonable explanation as to why the request for an examination was not made until the expert reports were received, and then counsel demonstrated diligence in pursuing and scheduling the examination. In addition, the examination was scheduled within one month after the deadline for expert reports, and the supplemental report resulting from the examination was available prior to the previously scheduled deposition of the examining expert. Due to the unique scheduling order in place in the wave cases, the delay in performing the defense examination did not require the modification of other deadlines. Therefore, the facts before the Court in *Zumstein* satisfied the good cause standard for supplementation of expert reports, which was the standard contained in the docket control order. That simply is not the case here. As such, Defendant's motion is denied.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** April 10, 2019

Cheryl A. Eifert
United States Magistrate Judge